The STATE of Ohio, Appellee,

v.

SMITH, Appellant.

[Cite as *State v. Smith* (1989), 64 Ohio App.3d 383.]

Court of Appeals of Ohio,
Sandusky County.

No. S–88–33.

Decided Dec. 22, 1989.

*John E. Meyers,* Prosecuting Attorney, and *Ronald J. Mayle,* Assistant Prosecuting Attorney, for appellee.

*James D. Godbey,* for appellant.

ABOOD, Judge.

This is an appeal from a judgment of the Sandusky County Court of Common Pleas in which, following a jury verdict, appellant was convicted and sentenced on one count of trafficking in drugs in violation of R.C. 2925.-03(A)(6), a felony of the second degree. Appellant sets forth one assignment of error:

"The Trial Court violated Defendants' [*sic*] Sixth and Fourteenth Amendment Rights and Rights under Article I Section 10 of the Ohio Constitution, to confront the witnesses against him, and violated Evidence Rules 802 and 609 by repeatedly allowing over objection the use of hearsay testimony that clearly labelled Defendant as a known drug dealer whose usual practice was to carry cocaine in a Pepsi Cola can, when in fact, Defendant had no such prior criminal convictions, [and the state never ever attempted to support the hearsay so calling a witness to have first hand knowledge.] [*sic*] The violation was especially prejudicial since in this drug trafficking trial there was no other evidence linking the Defendant to the can or to knowledge of its contents other than its presence in a hotel room registered to another person

in which Defendant happened to be present at the time of search and defendant's sole defense was denial of any ownership or knowledge of the can."

On January 28, 1988, the Sandusky County Sheriff's Department received information that an arrest warrant from another county was outstanding for appellant and that he could be found in a room in the L & K Motel in Fremont, Ohio. That same day several Sandusky County sheriff's deputies went to the L & K Motel and arrested appellant in a room registered to one Lee Givings. While in the room making the arrest, the officers found and seized a Pepsi can with a screw-off cap, which was later determined to contain cocaine in a quantity greater than three times bulk amount.

On February 24, 1988, appellant was indicted on one count of trafficking in drugs in violation of R.C. 2925.03(A)(6). Appellant pled not guilty, and the case proceeded to a trial by jury on July 5 and 6, 1988. At trial Detective Swartz testified for the prosecution that on January 28, 1988, he received information concerning a warrant for appellant's arrest and where appellant could be found. Swartz testified that when given the information he was told "to be aware of the fact—or instructed to observe any Pepsi cans that the defendant was known to have carried cocaine in when arrested." Swartz testified further that at the time appellant was arrested he found a Pepsi can in a six-pack carton on a shelf near the bed, when he shook the can he felt something solid inside and when he unscrewed the cap he saw nine bags of what looked like cocaine.

Also testifying for the state was Joy Bartlett, a desk clerk at the L & K Motel. Bartlett testified that appellant had checked in on January 22 and was given room 62 upstairs. Bartlett testified further that on the morning of January 23 appellant asked to be moved to a downstairs room and was moved first to room 24 and then to room 25 because the heater did not work in room 24. Bartlett testified that on January 23 appellant filled out a registration card, signing it as Lee Givings.

The evidence presented by the defense included appellant's own testimony which can be summarized as follows. On January 22, 1988, he came from Port Clinton, Ohio, to see a lady and when he arrived she and her child stayed with him at the L & K Motel. The next day he left but then came back and got the second room that was already registered to Lee Givings, a friend of his, so that he would not have to pay rent and because there were to be several women involved. When he got there the room he borrowed from Givings already had a lot of garbage and other things in it including Pepsi cans, beer cans and bottles. He stayed in room 25 until he was arrested on January 28, 1988. At the time of his arrest, the detectives searched only him

and did not question him about the Pepsi can. Later, when he was confronted with the can and its contents, he told the detectives that it was not his and that he had not seen it in the room. He also testified that he did not sign the registration card for room 24 but that his friend Lee Givings had.

Also testifying for the defense was Harold F. Rodin, a certified questioned document examiner. Rodin was qualified as an expert and then testified that based upon his examination of the two hotel registration cards, the one signed by appellant for room 62 and the one bearing the name Lee Givings for room 24, his conclusion was that they were not authored by the same person.

On July 6, 1988, the jury returned a verdict of guilty. On July 18, 1988, appellant filed a motion for new trial, acquittal and for sanctions and requested a hearing. On July 20, 1988, the motion was denied and on August 4, 1988, appellant was sentenced.

 In his lengthy assignment of error, appellant argues essentially that the trial court committed prejudicial error when it admitted the hearsay testimony of Detective Swartz regarding the information he received concerning a Pepsi can containing cocaine. Appellant argues that this hearsay testimony was the only evidence linking him to the can and knowledge of its contents other than its mere presence in the hotel room in which he was found and which was registered to someone else. Appellant argues further that the trial court's attempt to cure the improper admission of the hearsay evidence was insufficient to prevent prejudice.

The testimony objected to at trial is as follows:

"Q. Okay. Now that's that other Department I'm asking you about. Did you receive any instruction from that Department concerning an arrest of Mr. Smith?

"A. Definitely.

"Q. And what was that?

"A. First of all, we were told that the warrant was still active, and that *I was to be aware of the fact—or instructed to observe any Pepsi cans that the Defendant was known to have carried cocaine in when arrested.*

"Q. Okay. What did you do after that?

"MR. RHODE: Wait a minute. Wait a minute. I object. I object.

"THE COURT: Objection overruled.

"MR. RHODE: Move for a mistrial.

"A. I advised my partners—

"MR. RHODE: I'd move for a mistrial, your Honor.

"THE COURT: Objection overruled." (Emphasis added.)

Later in the trial, after appellant had testified, the following proceedings took place concerning the previous testimony:

"THE COURT: Ladies and gentlemen, when Detective Swartz testified on direct examination for the Prosecuting Attorney he stated that he was told by a police officer from another Department that if they found the Defendant when they were trying to arrest him on that out of county warrant, they should look for a Pepsi can because that's where he kept his 'stash,' I think was the word that was used.

"You may consider his testimony to the effect that 'you should look for a Pepsi can' as to his motive for looking for or picking up a Pepsi can, but you should disregard his statement about 'that's where he keeps his "stash," ' because that's hearsay and it's unreliable.

"So disregard that portion of the testimony. Understand? Okay."

Upon review of the statement in question, it is clear that the information sought to be conveyed by it was that the officer should look for a Pepsi can because the appellant is known to carry cocaine in a Pepsi can. While the trial court attempted to separate the statement into hearsay and nonhearsay parts, that portion that was an instruction to Detective Swartz to "observe any Pepsi cans," when considered alone, is meaningless without the second part which relates the Pepsi can and cocaine to the appellant. When considered within the context of the particular facts of this case, it is clear that all of the information contained in the statement was offered for the purpose of proving the matter asserted therein, and that the entire statement is hearsay. This court, therefore, finds that the trial court erred in allowing even part of the statement into evidence.

■ Having made this finding it remains for this court to determine whether this erroneous admission of evidence constituted harmless or prejudicial error. In doing so, this court must consider the record, excluding the disputed evidence, to determine if there is other overwhelming evidence of guilt, or any other indicia that the disputed evidence did not contribute to the conviction, so as to render the error harmless beyond reasonable doubt. *State v. Rahman* (1986), 23 Ohio St.3d 146, 150–151, 23 OBR 315, 319, 492 N.E.2d 401, 406; *State v. Ferguson* (1983), 5 Ohio St.3d 160, 166, 5 OBR 380, 385, 450 N.E.2d 265, 270.

While ordinarily one improperly admitted hearsay statement may not be the cause for reversal, here the hearsay information went directly to the central issue of the case. Without the information contained in the hearsay statement, there was very little evidence to tie the appellant directly to the can

other than the fact that it was in the room when the officer went there to arrest him, while there was other evidence presented that a woman and child had been with appellant, that others had occupied the room as well as appellant and that the room was registered to someone else. Also of particular note in this case is the timing of the court's curative instruction. When the statement was first made, the defendant objected and the objection was overruled. The prosecutor was then permitted to build his entire case around this information before the court reversed itself and instructed the jury to disregard the latter part of the statement.

When considering all of the evidence presented at trial, while specifically excluding from consideration the disputed testimony of Swartz, we do not find that there was other overwhelming evidence in the record to support the verdict or that Swartz's testimony did not contribute to appellant's conviction. We therefore conclude that the trial court's erroneous admission of Swartz's statement in part was prejudicial to appellant. Accordingly, appellant's sole assignment of error is found well taken.

On consideration whereof, the court finds that the defendant was prejudiced and prevented from having a fair trial, and the judgment of the Sandusky County Court of Common Pleas is reversed. This cause is remanded to said court for further proceedings not inconsistent with this decision. It is ordered that appellee pay the court costs of this appeal.

*Judgment reversed.*

CONNORS and GLASSER, JJ., concur.